SUPERIOR UPTOWN, INC., APPELLEE, *v.* CITY OF CLEVELAND, APPELLANT.

[Cite as Superior Uptown v. Cleveland (1974), 39 Ohio St. 2d 36.]

(No. 73-659—Decided July 3, 1974.)

*Messrs. Schulman & Schulman* and *Mr. Jack Schulman,* for appellee.

*Mr. Herbert R. Whiting,* director of law, and *Mr. Robert McCarthy,* for appellant.

38

O'NEILL, C. J. The dual nature of the relief granted by the Court of Common Pleas and affirmed by the Court of Appeals frames the issues presented in this appeal.

## I.

Appellant advances two reasons in support of its contention that the lower courts erred. in holding the rezoning ordinance unconstitutional. The first is procedural in nature. Appellant argues that the trial court erred in denying its motion for a directed verdict. The basis of the motion was chiefly an allegation that appellee had failed to prove its ownership of the property in question. Some confusion has been caused by the use of various names to indicate the appellee. The caption of the complaint lists appellee as "Superior-Uptown, Inc." Other documents in the record, some submitted by appellant, are captioned "Superior-Uptown Investment, Inc." or simply "Superior Uptown." Maps of the area introduced at trial by stipulation of the parties contained the phrase "Superior Uptown" to indicate the property in question. During the course of the trial, both parties repeatedly referred to the property as the "Superior Uptown" property. It is apparent that both parties used the phrase "Superior Uptown" to indicate the owner of the subject realty, and that this phrase clearly referred to appellee. Therefore, the Court of Common Pleas correctly denied appellant's motion for a directed verdict.

Appellant next asserts that appellee failed to present evidence sufficient to rebut the presumption of validity that attached to the rezoning ordinance. The record, however, dispels this assertion. Appellee introduced evidence which established that the 1968 riot decimated the area in a manner from which it has not yet recovered. Fear of violent crime, particularly vandalism against buildings, has driven many merchants away. One real estate broker familiar with the locality testified that mortgage companies would not lend funds for construction in "that type of an area." Another real estate broker stated that insurance rates on mercantile establishments in the area would be pro-

hibitively high. In short, it was very doubtful that appellee could, within the foreseeable future, effectively develop its land under local retail zoning.

However, an oil company service station would not face mortgage and insurance problems, because the oil companies are able to self-fund their stations. Additionally, several owners of buildings in the area testified that the presence of a well lit service station on appellee's property would improve the security of the area at night.

On the record, appellant was unable to justify the zoning change. Its contention that the change could be upheld because it prohibited bars and dance halls, both of which were allowable uses under general retail zoning, is unconvincing. Although a municipality may be justified in prohibiting certain uses on a specific parcel of realty, it may not do so by totally restricting the use of the property. This court recently held in the syllabus of *Mobil Oil Corp.* v. *Rocky River* (1974), 38 Ohio St. 2d 23, 309 N. E. 2d 900:

"In an appeal, pursuant to R. C. Chapter 2506, which challenges the constitutionality of a zoning ordinance as applied, the issue for determination is whether the ordinance, in proscribing a landowner's proposed use of his land, has any reasonable relationship to the legitimate exercise of police power by the municipality."

Although the present case is a declaratory judgment action, the object of the action is identical to a R. C. Chapter 2506 action challenging the validity of zoning legislation. Therefore, the issue that was decided by the lower courts in this case was not whether the rezoning ordinance was valid insofar as it prohibited appellee from using its property for a bar or dance hall; such a use was not proposed by appellee. Instead, the lower courts merely held that the rezoning ordinance, in preventing appellee from developing its property as a gasoline service station, was unconstitutional. Upon the basis of the record before this court, that holding will not be disturbed.

## II.

The award of damages against the city of Cleveland can

not stand. That award was based upon the deprivation of use of its property allegedly suffered by appellee during the period the rezoning ordinance was in effect. Many of the cases cited by appellee are appropriation cases and, therefore inapposite. There is no evidence in the record to support a finding that the rezoning ordinance was a disguised attempt by the appellant to take appellee's property for a public purpose. Such a taking is a precondition to the exercise of the eminent domain power. 19 Ohio Jurisprudence 2d 430, Eminent Domain, Section 21.

The damage award was justified by the lower courts upon the basis that the rezoning ordinance constituted a deliberate attempt by the Cleveland city council to attain an illegal objective. However, the record is totally devoid of evidence which would sustain such a conclusion. Additionally, the award of damages violates the doctrine of sovereign immunity, which is still a valid defense in Ohio in an action to recover damages against a municipality while it is performing a governmental function. *Williams* v. *Columbus* (1973), 33 Ohio St. 2d 75, 294 N. E. 2d 891. In enacting ordinances, including zoning ordinances, a municipality is engaged in the most elemental of its governmental functions—the exercise of its police power. *Pritz* v. *Messer* (1925), 112 Ohio St. 628, 149 N. E. 30.

Appellee attempts to distinguish Ohio's sovereign immunity cases by contending that the defense is applicable only to tort actions. It is, of course, true that the defense is most frequently asserted in tort actions. However, this does not lead to the conclusion that the defense is limited to such actions. In fact, many states that have judicially or legislatively abolished the general defense of sovereign immunity recognize that immunity remains for a governmental body when it is acting in a legislative capacity. See *Visidor Corp.* v. *Borough of Cliffside Park* (1966), 48 N. J. 214, 225 A. 2d 105, and cases cited therein. Those cases place sovereign immunity, as it applies to legislation, on a higher plane than sovereign immunity, as it applies to tort actions. The continuation of immunity for legislative acts

is based upon a policy decision which favors the free exercise of legislative discretion over the remedying of economic harm suffered by individuals affected by legislation which is subsequently struck down. In accord with that policy, this court holds that a municipal corporation is not required to respond in damages for losses allegedly sustained by a property owner whose realty was subject to a rezoning ordinance which was subsequently declared invalid.

For the reasons stated, that portion of the judgment of the Court of Appeals, holding the challenged rezoning ordinance invalid, is affirmed. That portion of the judgment of the Court of Appeals, holding that appellee could recover monetary damages from appellant, is reversed.

*Judgment affirmed in part and reversed in part.*

STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT and CORRIGAN, JJ., concur in the syllabus and in the judgment.