## O'Brien v. Columbus
### Case No. 89AP877
### Franklin County, (10th)
### Decided February 6, 1990
[Cite as 1 AOA 423]

*Kemp, Schaeffer & Rowe Co., L.P.A., and Mr. Michael N. Schaeffer, for appellant.*

*Abroms & Weisz, and Ms. Debi S. Everson, for appellees.*

REILLY, J.

Plaintiff, Karen Sue O'Brien, acquired, over a period of years, a block of property in the City of Columbus with the purpose of improving the entire block as a single project. The block included a number of preexisting buildings, including a brick house located at 96 East Eighth Avenue. Plaintiff intended to raze several of the preexisting buildings and construct several new buildings creating a mixed use development.

The block was originally zoned AR-4. On February 4, 1980, defendant, City of Columbus, enacted an ordinance downzoning a 77.8 acre tract of land, including plaintiff's property, from AR-4 to R-4. On February 15, 1980, plaintiff submitted an application for building permits and zoning clearance under AR-4 zoning. As required by Columbus City Code, the application was accompanied by a site plan which illustrated plaintiff's planned development. Since the ordinance rezoning plaintiff's land did not become effective until March 5, 1980, the application and site plan were reviewed and approved under the previous zoning classification, AR-4.

Plaintiff's original and subsequent amended site plans all represented that the structure at 96 East Eighth Avenue would be razed and that off-street parking would be provided in its place. Plaintiff maintains that the site plans erroneously called for the demolition of 96 East Eighth Avenue and that they always intended to retain the structure. The record does not indicate when the project was completed, but in 1982 the Columbus Building Commission discovered that 96 East Eighth Avenue had not been razed as represented in the site plan. The commission subsequently held a hearing on July 20, 1982 and ordered that the building be demolished unless plaintiff first obtained zoning approval for the building to remain.

Plaintiff appealed the decision of the Building Commission under R.C. Chapter 2506. In a judgment entered October 19, 1983, the court of common pleas affirmed the order of the Building Commission that 96 East Eighth Avenue be razed. This judgment was not appealed.

Plaintiff subsequently submitted an amended site plan which accurately represented the project in its completed form. The city reviewed the amendment under R-4 zoning and rejected it. Columbus City Council subsequently denied plaintiff's request for a variance. The city has also refused to issue occupancy permits for most of the newly constructed units citing plaintiff's failure to raze the building at 96 East Eighth Avenue.

Plaintiff brought this declaratory judgment action contending that the amended site plan conforms to AR-4 zoning and that the city should have reviewed and approved it under AR-4 zoning. Whereupon, the trial court sustained defendant's motion for summary

judgment. In its decision, the trial court held that plaintiff was not entitled to have amendments to the site plan reviewed under the previous AR-4 zoning classification. Consequently, the court found there were no material issues of fact to be decided and summary judgment was granted.

Plaintiff appealed and asserted the following assignments of error:

"I. The trial court erred in granting summary judgment in favor of defendant when issues of material fact and law exist.

"II. The trial court erred in failing to find that appellant was entitled to modify her site plan under AR4 zoning, inasmuch as the refusal to allow an amendment of the project under the former AR4 zoning was a taking of property without compensation, and therefore unconstitutional.

"III. The trial court erred procedurally in granting summary judgment to an extent greater than demanded in defendant's motion.

"IV. The trial court erred in ruling that appellant's sixth and seventh claims were moot, and in dismissing same."

As a preliminary matter, we will consider the jurisdictional issue raised by plaintiff's failure to appeal the trial court's 1983 decision affirming the order of the Building Commission that 96 East Eighth Avenue be raised. While it would appear that plaintiff's declaratory judgment action seeks to litigate the same issues already determined in the R.C. Chapter 2506 administrative appeal, the Supreme Court has held that the two actions are sufficiently different that both may be maintained. *Karches* v. *Cincinnati* (1988), 38 Ohio St. 3d 12. The court in *Karches* held that:

"* * * [I]n Ohio, the constitutionality of a zoning ordinance may be attacked in two ways. An appeal from an administrative zoning decision can be taken pursuant to R.C. Chapter 2506. In addition, or in the alternative, a declaratory judgment action pursuant to R.C. Chapter 2721 can be pursued." *Id.* at 15.

Thus, this declaratory judgment action was properly before the trial court.

Plaintiff's first, third and fourth assignments or error concern the same issue and will be decided together. The single issue is whether the trial court erred in holding that plaintiff was not as a matter of law entitled to have the amended site plan reviewed under the previous AR-4 zoning. If this ruling was in error then material issues of fact remain to be decided and summary judgment was inappropriate.

A nonconforming use is one that existed prior to a change in the applicable zoning code. The Supreme Court has suggested that the Constitution requires valid nonconforming uses to be exempted from subsequent changes in the zoning code. *Burt Realty Corp.* v. *Columbus* (1970), 21 Ohio St. 2d 265, 268. In any case, both the Columbus City Code and the Ohio Revised Code exempt preexisting nonconforming uses from compliance with subsequently enacted zoning ordinances. Columbus City Code Sections 3310.04 and 3391.03, R.C. 713.15.

The mere intention to create a nonconforming use or preliminary work is not sufficient to establish a valid nonconforming use. *Smith* v. *Juillerat* (1954), 161 Ohio St. 424. The nonconforming use must be substantial. This may be shown by a substantial change of position, or expenditures, or significant incurrence of obligations in reliance upon the zoning permit. *Torok* v. *Jones* (1983), 5 Ohio St. 3d 31, 33-34.

*Gibson* v. *Oberlin* (1960), 171 Ohio St. 1, involved a situation similar to the one before us. In that case, the plaintiff was denied a building permit even though the plans submitted complied with the zoning code. On appeal, the city conceded that plaintiff was entitled to a permit at the time it was applied for but maintained that plaintiff was no longer entitled to a permit since during the pendency of the appeal, the zoning code was amended. The court held that the law in effect when an application is filed governs the issuance of a permit. The court also held that "* * * [t]he ability to establish a nonconforming use constitutes a valuable right * * *" *Id.* at 3, and that "* * * [t]he right became vested, under the law applicable thereto, upon the filing of the application for the permit." *Id.* at 6.

It is undisputed that plaintiff was issued a building permit under the previous zoning code. Defendant maintains, however, that while plaintiff's application for a permit must be reviewed under the then existing AR-4 classification, any subsequent amendments to the permit must be considered under the new R-4 classification. Since the original plans did not conform to R-4 zoning, the city's position

would effectively prohibit plaintiff from making any changes during construction without first seeking a variance.

Defendant's position is inconsistent with *Gibson* v. *Oberlin, supra. Gibson* did not simply hold that the applicant was entitled to a building permit. The court also found that an applicant for a building permit has a vested right to establish a nonconforming use under the law as it existed when the application was filed.

A building permit, by itself, does not establish a nonconforming use under *Juillerat.* A nonconforming use may only be established by actually building on the site. Under *Gibson*, an applicant for a building permit has a vested right to establish a nonconforming use in reliance on the zoning code as it existed when the application was filed. It is a vested right to build in reliance on a specific zoning classification. If, during construction, changes are made in the plans, as they often are, these changes may also be made in reliance on the zoning classification in effect when the application was filed. The scope of the applicable vested right encompasses not only the building permit, but also the construction process which is a prerequisite to establishing a nonconforming use.

An applicant for a building permit does not, of course, have a vested right to rely on the preexisting zoning for an indefinite time. The vested right exists only so long as the building permit is valid. *Torok, supra*, held that where a permit holder fails to make substantial nonconforming use of his property before the expiration of the building permit, any vested right to do so is forfeited. Consequently, a property owner may only modify the nonconforming use before the building permit expires. Once construction is completed and the building permit expires, the owner of a nonconforming use has no further rights to expand or modify the use in violation of the current zoning code.

Defendant is not prejudiced by this decision. If the amendment had been submitted as part of the original application and it complied with the previous zoning as alleged, the city would have no choice but to issue the building permit. *Gibson, supra*. Further, builders often amend their plans during construction and defendant concedes that any person submitting a site plan is always entitled to modify it at a later date.

In sum, an applicant for a building permit or zoning clearance may amend the plans and have that amendment reviewed under the law as it existed when the original application was filed. Such amendments need be permitted only during the period for which the building permit is issued or some other reasonable time during which construction proceeds. Once the permit expires, a reasonable time has lapsed or construction is completed, the applicant no longer has a vested right to rely on the previous zoning classification and any further modifications to any then existing nonconforming use may be prohibited. To the extent that the trial court's decision is in conflict with the foregoing analysis, it is error.

Plaintiff's first, third and fourth assignments of error are well-taken.

Plaintiff's second assignment of error also involves defendant's refusal to review the amended site plan under AR-4 zoning. Plaintiff alleges that this conduct constituted an unconstitutional taking of property without compensation.

Plaintiff's reliance on *First English Evan. Lutheran Church* v. *Los Angeles County* (1987), 482 U.S. 304, 107 S. Ct. 2378, is not determinative. The Supreme Court's holding was specifically limited to ordinances which deny property owners all use of their property. *Id.* at 2389. Further, the court's opinion explicitly did not deal with the issue of normal changes in zoning ordinances. *Id.* Consequently, *First English Evan. Lutheran Church* is not relevant to this case.

Zoning regulations which are neither arbitrary nor unreasonable are constitutional "* * * * even though they result in the impairment of the full use of property by the owner thereof * * * *". *Pritz* v. *Messer* (1925), 112 Ohio St. 628. paragraph one of the syllabus; *Willoughby Hills* v. *Corrigan* (1972), 29 Ohio St. 2d 39, 46. While a zoning ordinance may be unreasonable if it "totally restricts" the use of property, *Superior Uptown* v. *Cleveland* (1974), 39 Ohio St. 2d 36, 39, this was clearly not the effect of the rezoning in this case.

Plaintiff's second assignment of error is not well-taken.

For the above reasons, plaintiff's first, third and fourth assignments of error are sustained, and the second assignment of error is overruled. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed;*
*cause remanded.*

BOWMAN and MAHONEY, JJ. Concur.

MAHONEY, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.