OPINION
Plaintiff-Appellant, Donald L. Dutiel (appellant), appeals from the summary judgment entered in the Perry County Court of Common Pleas dismissing appellant's declaratory judgment action, which action sought a declaration that the zoning regulations of the City of New Lexington, Ohio, were unconstitutional as applied to his real property located within the City of New Lexington. Appellant assigns as error:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN NOT GRANTING PLAINTIFF DONALD L. DUTIEL'S MOTION FOR SUMMARY JUDGMENT AS NO GENUINE ISSUE OF MATERIAL FACT EXISTED REGARDING THE "TAKING" OF APPELLANT'S REAL ESTATE SO AS TO RENDER IT WITHOUT VALUE OR VIABLE USE AND APPELLANT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 II. THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT-APPELLEE WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Appellant is the owner of certain property located at 322 East Water Street, in the City of New Lexington, Ohio. The subject property, at all relevant times, was zoned R-2 for residential purposes. At all relevant times, the zoning regulations of the City of New Lexington provided that mobile homes were not permitted on property zoned as R-2. At the time appellant purchased the subject property, a single-family residence was situated thereon. However, that residence was subsequently destroyed by fire. Rather than rebuild the home, appellant sought to place a "mobile home" upon the property by applying for a zoning permit with the City of New Lexington. The City of New Lexington denied appellant's application, and appellant subsequently requested a variance from the Zoning Board of Appeals to allow him to place the mobile home on the subject property. The Zoning Board of Appeals denied appellant's requested variance. As such, appellant filed a declaratory judgment action in the Perry County Court of Common Pleas seeking a declaration that the zoning regulations which denied him the ability to place a mobile home on his property were unconstitutional. By judgment entered on August 23, 1999, the Common Pleas Court, without explanation, entered summary judgment in favor of the City of New Lexington, and summarily dismissed appellant's complaint pursuant to Civ.R. 56. We now turn to appellant's Assignments of Error.
 I.
Through his first assignment, appellant maintains summary judgment was improper because there was uncontroverted evidence that the City of New Lexington was "taking" appellant's real property and rendering it without value or viable use by denying him the ability to place a mobile home thereon. We disagree. In the summary judgment proceedings before the trial court, appellant produced an affidavit of a licensed residential real estate appraiser that it was his "professional opinion [that] the property located at 322 Water Street, New Lexington, Ohio, has little, if any, value except to be used for establishing a residential dwelling." It is well settled, that in order to invalidate a zoning ordinance on constitutional grounds, appellant must demonstrate, beyond fair debate, that the zoning classification is unreasonable and not necessary to the health, safety and welfare of the municipality. Karches vs. Cincinnati (1988), 38 Ohio St.3d 12, 19. Appellant must demonstrate that the ordinance denies him an economically viable use of his land without substantially advancing a legitimate government interest. Id.; Superior Uptown vs. Cleveland (1974) 39 Ohio St.2d 36. The government has a legitimate interest in maintaining the aesthetics of the community and, therefore, aesthetic considerations may be taken into account by the legislative body when enacting zoning legislation. Hudson vs. Albrecht, Inc. (1984), 9 Ohio St.3d 69, paragraph one of the syllabus. We cannot conclude, from the evidence presented, that the zoning classification that prohibits appellant from placing a mobile home in an R-2 residential area is unreasonable and not necessary for the health, safety and welfare of the City of New Lexington. Additionally, appellant has failed to demonstrate that the zoning ordinance denies him an economically viable use for his property. As his own expert witness opined, the property has little, if any, value except that to be used for establishing a residential dwelling. Appellant, under the City of New Lexington zoning regulations, is not prohibited from establishing a residence or manufactured home on the property. Instead, appellant is only prohibited from placing a mobile home on his property. As stated above, the City of New Lexington has a legitimate interest in maintaining the aesthetics of its community by limiting where mobile homes can be placed. Appellant's first Assignment of Error is overruled.
 II.
For the reasons contained under the first Assignment of Error, appellant's second Assignment of Error is hereby overruled.
For the foregoing reasons, the judgment entered in the Perry County Court of Common Pleas is hereby affirmed.
 _____________________ MILLIGAN, V.J.
Hoffman, P.J. and Farmer, J. concur.