OPINION
{¶ 1} Plaintiff-appellant, Eastbrook Farms, Inc., appeals the Warren County Court of Common Pleas decision granting summary judgment to defendants-appellees, city of Springboro, Springboro Planning Commission, Raj Sharma, Clearcreek Township, and the Ohio Attorney General in a zoning dispute. We affirm the trial court.
 {¶ 2} In February 1967, the city of Springboro ("Springboro") annexed 653 acres in Clearcreek and Franklin Townships. Included within this acreage were 123 acres from a farm owned by Lucille and Arthur Easton ("the Property"). On February 25, 1976, Springboro adopted Ordinance 546B designating the Property as a Planned Unit Development ("PUD"). On July 7, 1977, Eastbrook purchased the Property.
 {¶ 3} Henkle Schueler Associates marketed the Property for Eastbrook as a multi-use PUD. In 1978 and 1979, three different contracts were entered into to sell portions of the Property in accordance with the PUD zoning. The portions, totaling approximately 38 acres, now contain a bank, day care center, residential subdivision and medical clinic.
 {¶ 4} In 2000, Eastbrook entered into a contract with Meijer Stores Limited Partnership ("Meijer") for the sale of approximately 42 acres of the Property. It also entered into a contract to sell 26 acres of the Property to Robert C. Rhein Interests, Inc. for residential use.
 {¶ 5} In September 2001, engineers who developed the Meijer plan attempted to meet with Raj Sharma, the Springboro City Engineer, but he refused. On October 18, 2001, Springboro adopted Ordinance O-01-39, which created a 120-day moratorium on approval of any PUD development. Eastbrook then attempted to get approval of its site plan as business zoned property. Springboro did not process the plan. It asserted that the Property was PUD zoned property subject to the moratorium, and not business zoned property. Springboro subsequently amended its PUD zoning regulations in January 2002.
 {¶ 6} Eastbrook filed a declaratory judgment action and writ of mandamus on January 18, 2002 against Springboro, the Springboro Planning Commission and Raj Sharma, (collectively, the "Springboro defendants"). Eastbrook asked the trial court to find Springboro's PUD zoning regulations "unconstitutional and void ab initio." It further asked the trial court to find that the Property was zoned business. Finally, it asked the trial court to order Springboro to review its site plan for the Property under a business classification, not PUD. Both sides filed motions for summary judgment.
 {¶ 7} Eastbrook next filed an amended complaint joining Clearcreek Township and the Ohio Attorney General. Clearcreek Township filed an answer to the complaint. The Ohio Attorney General filed a motion asking the trial court to dismiss the claims against it.
 {¶ 8} In July 2003, the trial court granted the Springboro defendants' motion for summary judgment and dismissed all claims against all parties. Eastbrook appeals the decision raising six assignments of error.[1] Eastbrook's first two assignments of error are interrelated and will be addressed concurrently.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "The trial court erred in granting the city's motion for summary judgment and in denying Eastbrook's motion for summary judgment."
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "The trial court erred in failing to declare the pud provisions of Ordinance No. 546b adopted by the City of Springboro in 1976 are unconstitutional, void ab inito, and therefore inapplicable to the property."
 {¶ 13} As stated earlier, Eastbrook filed a declaratory judgment action asking the trial court to find Springboro's PUD zoning regulations "unconstitutional and void ab initio." It further asked the trial court to find that the Property was zoned "Business," which was its zoning classification prior to its annexation by Springboro. Both parties filed motions for summary judgment as to these issues.
 {¶ 14} An appellate court's review of a summary judgment decision is de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Under a Civ.R. 56(C) motion for summary judgment, the movant must demonstrate that: "(1) [there is] no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Civ.R. 56(C); Welco Industries, Inc. v.Applied Companies, 67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 15} The nonmoving party may not rest upon the allegations or denials in the pleadings, but must affirmatively demonstrate the existence of genuine issues of material fact to prevent the granting of a motion for summary judgment. Civ.R. 56(C); Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115. In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Angel v. The KrogerCompany, Warren App. No. CA2001-07-073, 2002-Ohio-1607.
 Constitutionality {¶ 16} Eastbrook maintains that the trial court erred in rejecting its motion for declaratory judgment for failure to present a justiciable issue pursuant to R.C. 2721.02,[2] as to the constitutionality of Springboro's PUD zoning regulations.
 {¶ 17} A declaratory judgment action challenges the existing zoning ordinance's overall constitutionality as applied to a particular parcel of land. Karches v. City of Cincinnati
(1988), 38 Ohio St.3d 12, 16. Pursuant to R.C. Chapter 2721, the constitutionality of a zoning ordinance may be attacked by seeking a declaratory judgment action where an actual controversy exists between the parties. Id. "An actual controversy exists when persons aver that their rights, status or other legal relations have been affected by an allegedly invalid ordinance." Id. "A prerequisite to a determination that an actual controversy exists in a declaratory judgment action is a final decision concerning the application of the zoning regulation to the specific property in question." Id. at 16.
 {¶ 18} An appellant must exhaust all administrative remedies prior to instituting a declaratory judgment action to determine the validity of a zoning ordinance as it applies to a specific parcel of property. Id. at 17. There are two exceptions to this general rule: where seeking administrative relief would be vain or futile, or where it would be onerous or unusually expensive. Id.
 {¶ 19} On October 18, 2001, Springboro adopted a 120-day moratorium on approval of any PUD development. On October 26, 2001, Eastbrook submitted a site plan for the Property pursuant to business zoning regulations. Springboro refused to process appellant's site plan. The city asserted that the Property was PUD zoned property subject to the moratorium and not business zoned property.
 {¶ 20} The fact that Eastbrook filed a site plan pursuant to Springboro's business zoning regulations does not show that an actual controversy exists. We agree with the trial court's statement that Eastbrook "never attempted to invoke its rights under the allegedly unconstitutional PUD zoning regulations nor was the site plan rejected based on those regulations." Therefore, a final decision regarding the Property in accordance with its PUD zoning regulations was never rendered by Springboro, and Eastbrook cannot show that an actual controversy exists.
 {¶ 21} Further, Eastbrook has not even begun, let alone to exhaust, its administrative remedies as to the PUD zoning regulations. It has failed to file its site plans for approval under the PUD regulations in place on the Property. The Springboro City Council has not been able to make a decision yet regarding Eastbrook's proposed site plan for the Property pursuant to its procedure. Therefore, Eastbrook has not shown that an actual controversy exists.
 {¶ 22} Eastbrook argues that it would be vain or futile for it to file site plans pursuant to the PUD zoning regulations because Springboro city officials had informed it that "any attempt to develop the Property as a Meijer store under Springboro's PUD regulations would not be approved." However, it is Springboro's city council and not its city officials who determine whether to approve the requests.
 {¶ 23} "A vain act is defined in the context of lack of authority to grant administrative relief and not in the sense of lack of probability that the application for administrative relief will be granted." Singh v. Pierce Twp. Bd. of ZoningAppeals (May 18, 1987), Clermont App. No. CA86-03-023, citing toGates Mills Inv. Co. v. Pepper Pike (1978), 59 Ohio St.2d 155,167. Eastbrook has not established that filing for PUD approval of the project would be a vain or futile act. Accordingly, we decline to address Eastbrook's constitutional argument because "[i]t is a fundamental principle of law that constitutional questions will not be decided until the necessity for their decision arises." Driscoll v. Austintown Associates (1975),42 Ohio St.2d 263, 274.
 {¶ 24} In conclusion, Eastbrook argued that the PUD regulations are unconstitutional as applied to its property. However, it filed a declaratory judgment action for the trial court to determine the constitutionality of the regulations before a final decision concerning the application of the PUD regulations to the specific property was rendered. Eastbrook has not filed a site plan for the Property with Springboro pursuant to its PUD regulations. Eastbrook has not shown that an actual controversy exists. Accordingly, no genuine issue of material fact exists.
 PUD zoned v. Business zoned {¶ 25} Eastbrook maintains that the trial court erred in rejecting its declaratory judgment motion to find the Property is zoned business and not PUD. Eastbrook asserts that Springboro failed to properly change the zoning of the Property in 1976 from business to PUD. It also argues in the alternative, that Chapter 1272.21 of Springboro's zoning regulations has caused the Property to revert back to its pre-1976 business designation.
 {¶ 26} Eastbrook maintains that the landowners must request their land be rezoned as PUD, and because the Eastons did not, the Property was improperly zoned and should revert back to its original business zoning. We first note that evidence was introduced to the trial court that the Eastons were present at the hearing where the Property was rezoned, and that they did not object. Moreover, the zoning change was made prior to Eastbrook purchasing the Property. Eastbrook also marketed and sold three tracts of the Property as PUD zoned. Finally, evidence was introduced that Eastbrook has continued to market the Property as PUD zoned. We find it ironic that now when Eastbrook believes that Springboro will not approve its site plan for a Meijer Department Store on the Property, it asserts for the first time that the Property is not PUD zoned, but business.
 {¶ 27} Because Eastbrook purchased the Property knowing it was zoned PUD and has benefited from the PUD zoning for nearly 25 years, it is estopped from asserting that the rezoning of the property in 1976 was improperly completed. See Singer v. City ofFairborn (1991), 73 Ohio App.3d 809, 817. Accordingly, Eastbrook's argument that the Property was improperly rezoned is without merit. Eastbrook has presented no genuine issue of material fact as to the propriety of the original rezoning of the Property in 1976.
 {¶ 28} Eastbrook also argues in the alternative that Springboro's modification to Chapter 1272.21 of its zoning regulations has caused the Property to revert back to its original business zoning classification. Chapter 1272.21 states in pertinent part:
 {¶ 29} "The zoning certificate for a planned unit development shall be for two years, to allow the preparation and recording of the required subdivision plat and the development of the project. If no development has occurred to effectuate the plan within two years after approval is granted, the approval shall be voided and the land shall revert to the regulations for the district in which it is located."
 {¶ 30} Eastbrook argues that this chapter allows PUD zoned property to revert back to its zoning classification before it was zoned PUD. Eastbrook's assertion is without merit. Chapter 1272.21 allows the zoning certificate for development on PUD property to become void if no development takes place within two years; however, the land will remain PUD zoned. Eastbrook's argument is without merit. Eastbrook has not shown that a genuine issue of material fact exists as to whether the Property reverted back to its pre-1976 business zoning classification.
 {¶ 31} In conclusion, Eastbrook's summary judgment motion was properly overruled. It has failed to show that a genuine issue of material fact exists as to the constitutionality of Springboro's PUD zoning regulations or that the Property should revert back to its pre-1976 business zoning classification. Accordingly, Eastbrook's first and second assignments of error are overruled.
 {¶ 32} Assignment of Error No. 3:
 {¶ 33} "The trial court erred in failing to determine that Clearcreek Township retains Zoning Enforcement Authority for the property."
 {¶ 34} Eastbrook argues that if we determined that the Property was unconstitutionally zoned PUD, then the original Clearcreek Township zoning of business should "remain in place" on the Property pursuant to R.C. 519.18. We did not reach the constitutionality of the PUD zoning regulations, therefore appellant's third assignment of error is rendered moot.
 {¶ 35} Assignment of Error No. 4:
 {¶ 36} "The trial court erred in failing to rule that Eastbrook's filings of zoning applications with Springboro, or in the alternative, with Clearcreek Township, vested Eastbrook's rights in the zoning applicable to the property."
 {¶ 37} Eastbrook maintains that because it filed site plans in both Springboro and Clearcreek Township, it has vested rights in the current zoning of the Property. As stated earlier, Eastbrook improperly filed site plans for Springboro pursuant to its business regulations. It should have filed its site plans pursuant to Springboro's PUD zoning regulations. As such, it has not vested its rights in the current Springboro zoning. SeeSmith v. Juillerat (1954), 161 Ohio St. 424, at paragraph four of the syllabus. Clearcreek Township zoning does not apply to the Property, therefore Eastbrook has not vested its rights pursuant to its zoning. Accordingly, Eastbrook's fourth assignment of error is overruled.
 {¶ 38} Assignment of Error No. 5:
 {¶ 39} "The trial court erred by failing [sic] rule that Springboro's revised pud regulations are inapplicable to the property."
 {¶ 40} Eastbrook argues that the current PUD zoning regulations in effect on the Property were improperly enacted. Therefore, it argues that "more than a mere amendment to Springboro's existing PUD zoning legislation is necessary to apply the [sic] Springboro's revised PUD regulations to the Property." We have already found that Springboro's PUD zoning regulations apply to the property. Accordingly, Eastbrook's fifth assignment of error is overruled.
 {¶ 41} Assignment of Error No. 6:
 {¶ 42} "The trial court erred in determining that Eastbrook is not entitled to mandamus requiring the Springboro City engineer to take action on its submitted site plan, to meet with Eastbrook, and bring the submitted application before the Springboro Planning Commission for that body to take action of the submitted application under springboro's b-4 zoning regulations."
 {¶ 43} Eastbrook argues that this court should issue a writ of mandamus ordering Springboro to accept and "take action" on its submitted site plan for the Property pursuant to Springboro's business zoning regulations. We decline to issue a writ as we have found that the Property is zoned PUD and not business. Accordingly, Eastbrook's sixth assignment of error is overruled.
 {¶ 44} Judgment affirmed.
Walsh, J., concurs.
Valen, J., concurs separately.
[1] We note that Eastbrook did not use the correct form when submitting its appellate brief. Instead of numbering each assignment of error separately for consideration, it lettered each. Moreover, its letter "A" was not an assignment of error, but instead the "Standard of Review." For the purpose of clarity, we have renumbered each of its assignments of error, letters "B" through "G," to reflect numbers "1" through "6."
[2] R.C. 2721.02 provides in pertinent part: "(A) Subject to division (B) of this section, courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."