[Cite as *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 2011-Ohio-3277.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

AKRON DEVELOPMENT FUND I, LTD.

    Appellee

    v.

ADVANCED COATINGS
INTERNATIONAL, INC.

    Appellant

C.A. No.    25375

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2008-01-0475

DECISION AND JOURNAL ENTRY

Dated: June 30, 2011

MOORE, Judge.

{¶1}    Appellant, Advanced Coatings International, Inc., appeals from the judgment of the Summit County Court of Common Pleas. This Court dismisses the appeal.

I.

{¶2}    Advanced Coatings International, Inc. manufactures coatings for circuit boards and other electronics. Seeking to raise capital, it borrowed money from Akron Development Fund I, Ltd. in exchange for two promissory notes that were secured by various assets. When Advanced Coatings failed to pay on the promissory notes, Akron Development Fund filed a complaint for the money due, foreclosure of security interests, and appointment of a receiver.

{¶3}    Akron Development Fund attached to its complaint copies of the two promissory notes and two security agreements given by Advanced Coatings. The first note was given on March 25, 2003, for $125,000. The note was secured by a commercial security agreement that gave Akron Development Fund a first priority security interest in all of Advanced Coatings'

assets, including both tangible and intangible property. The security agreement further provided for rights and remedies in the event of default on the loan and specifically addressed the right to appoint a receiver. The second note was a revolving promissory note with a maximum principal amount of $250,000 that was signed on March 12, 2004. Both the notes and the security agreement were signed by the President of Advanced Coatings, Mr. Steven Johnson.

{¶4} Advanced Coatings failed to make payments on the notes. On August 20 2007, Akron Development Fund sent a written demand for payment of the money owed. Two months later, on October 9, 2007, Advanced Coatings executed the second security agreement. That agreement expressly named three patents for coatings. This agreement was also signed by Johnson in his capacity as President of Advanced Coatings.

{¶5} Upon default of the loans, Akron Development Fund began seeking bids to purchase the collateral provided in the security agreements. It entered into a sale agreement with Genesis Materials Technology, LLC, on January 3, 2008. The sale agreement provided that Genesis would purchase the assets for $185,000, plus receiver's costs, but it also provided that Akron Development Fund could accept a "higher and better offer" from another buyer. A copy of the agreement was attached to the complaint filed by Akron Development Fund. This agreement was signed by Johnson as well, but in his capacity as the president of Genesis. At the time, he was still serving as president of Advanced Coatings.

{¶6} The trial court appointed a receiver who filed a motion on February 12, 2008, to approve the sale of assets to Genesis unless a "higher and better" offer was received. In the motion, the receiver stated that "in the exercise of his business judgment, [the sale agreement] is the best offer available and should be approved immediately." He claimed that time was of the

essence because Advanced Coatings was delinquent on its rental obligations for the facility it was using and had been given a default notice by the lessor.

{¶7} The receiver's motion also stated that Howard Hansen and another shareholder were interested in purchasing the property and that they had inspected it. Although the receiver had asked the court to authorize the sale to Genesis, he also asked that the shareholders of Advanced Coatings, creditors, or other parties be given a period of ten days from service of the motion to file a "higher and better" offer.

{¶8} At this point in the litigation, four shareholders came forward and claimed that they were "real parties in interest." The group, which included appellant Howard Hansen, filed a motion on February 22, 2008, with a brief in opposition to the motion for an order approving the sale of assets to Genesis. The shareholder group argued that Advanced Coatings should be given time to answer the complaint and defend against it. In addition, they argued that the assets should not be sold to Genesis because Johnson had created the limited liability company as a way for him to obtain the patents at a reduced price, and he had not disclosed the existence of this company to Advanced Coatings' shareholders.

{¶9} In their brief in opposition to the receiver's motion, the shareholder group further detailed Johnson's position with Advanced Coatings. They stated that Johnson held the largest number of Advanced Coatings shares and he had served as its chairman of the board, president, and chief technical officer. They claimed that Johnson was the primary inventor noted on the patents being sold and that the corporation relied on his knowledge to produce the coatings. They argued that it would be unfair to sell to him, via Genesis, because he had rebuffed other offers to infuse Advanced Coatings with capital and seemed poised to take the assets through another company in breach of his fiduciary duty. The shareholder group was not objecting to the

appointment of the receiver or the sale, but rather to the buyer attempting to purchase those assets. Because of Johnson's involvement with Genesis, the group claimed it could not be a legitimate bidder.

{¶10} The receiver subsequently received an additional offer for the property from Capital Technologies, LLC, on behalf of Proactive Investments, LLC. Faced with two potentially competing offers, the receiver proposed a formal procedure to establish qualified bids and to conduct an auction, if necessary.

{¶11} He submitted the proposed sale procedure to the trial court. On March 6, 2008, the magistrate to whom the case had been assigned entered an order approving of the sale procedure. The shareholder group filed a motion for reconsideration of the order approving any sales procedure that would result in a sale of the assets to Genesis. The group subsequently withdrew the motion to reconsider the order, but claimed it was not withdrawing the brief in opposition to the receiver's motion for an order approving the sale.

{¶12} Despite the involvement of the shareholder group, Advanced Coatings never answered the complaint or otherwise made an appearance. On March 13, 2008, the trial court entered default judgment in favor of Akron Development Fund for the money owed on the notes, plus interest. The judgment also provided that Akron Development Fund was entitled to foreclose on the collateral and patents and to "dispose of the same in accordance with applicable law."

{¶13} On March 14, 2008, both Capital Technologies, LLC, on behalf of Proactive Investments, LLC, and Genesis bid on the assets. Genesis had the highest bid at $215,000. On March 17, 2008, the receiver filed a motion to grant Genesis access to the assets prior to the closing.

**{¶14}** On March 25, 2008, the magistrate entered an order, also signed by the judge, which set forth the events that had transpired prior to the auction. The magistrate noted that the day before the auction, he held a hearing at which the attorneys for Akron Development Fund and the shareholder group attended. He stated that, at the hearing, none of the parties objected to the default judgment, the validity of the security agreements, or the right to sell the assets to satisfy the debt. Moreover, he stated that none of the parties objected to the fairness of the starting price set by the receiver for the auction, to the appropriateness of the receiver's advertising efforts, or the auction procedures.

**{¶15}** On the same day, a judge signed an order for the sitting judge "authorizing and approving" the sale to Genesis as the successful bidder at the auction. The order, which was also signed by the magistrate, directed the receiver to "consummate the sale with" Genesis and to "close the transaction[.]" In a subsequent magistrate's order entered March 28, 2008, the magistrate stated that the transfer was to be completed by March 31, 2008.

**{¶16}** The property transferred to Genesis. On April 2, 2008, after the transfer had taken place, the shareholder group filed objections to the March 25, 2008, order and to the magistrate's March 28, 2008, order setting the transfer date. The receiver then filed a motion for an order to approve his final report, allow him to distribute the funds, discharge him and terminate the receivership. The shareholder group filed an objection to the receiver's motion. On May 8, 2008, the magistrate concluded that the receiver's motion should be granted. The shareholder group filed objections to that decision on May 20, 2008. The court stated that "the parties" had not filed objections to the report and adopted the magistrate's decision on May 30, 2008.

{¶17} Two of the shareholders, Brendan Hogan and Howard Hansen, filed a notice of appeal. This Court determined that the trial court's order was not a final appealable order because the trial court merely adopted the magistrate's decision without independently entering judgment. We therefore dismissed the appeal.

{¶18} On remand, the case remained inactive until it was consolidated with a separately filed action by Advanced Coatings against Johnson, his wife Melody Johnson, and Genesis. The case was set for a settlement conference in the common pleas court on December 29, 2009. Although these cases had been consolidated, Akron Development Fund was excused from attending the settlement conference in response to its motion filed November 17, 2009. In that motion, Akron Development Fund sought to be excused from the conference because all its claims against Advanced Coatings had "been fully adjudicated" and it had assigned its judgment to Proactive Investments, the company that had bid against Genesis during the auction for the assets.

{¶19} On February 1, 2010, the Johnsons and Genesis sought to have the trial court issue an order to terminate the receivership and turn over the proceeds to Akron Development Fund. They attributed the fact that the receivership remained open to "a clerical error" because the previous order issued by the trial court was not in the proper form to constitute a final, appealable order. They asked the court to confirm the sale and close the receivership, even though the assets and the sale proceeds had transferred almost two years earlier.

{¶20} The court entered judgment on those issues. According to the trial court's order, the court had been unaware that the first appeal had been dismissed until the motion to consolidate these cases was filed. After a hearing in which the receiver, Appellant Hansen, and another shareholder testified, the trial court overruled the objections to terminating the receiver's

report and confirmed the receiver's sale.  It then closed the receivership.  It is from that order that this appeal is taken.

II.

{¶21}  Before reaching Appellants' assignments of error, this Court must first address whether this appeal is properly before it or whether the judgment sought in the case has been satisfied and the case has become moot.  Once the rights and obligations of the parties have been extinguished through satisfaction of the judgment, a judgment on appeal cannot have any practical effect upon the issues raised by the pleadings.   It is well established "'that a satisfaction of judgment renders an appeal from that judgment moot.'"  *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. No. 24329, 2009-Ohio-1333, at ¶8, quoting *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 245.

{¶22}  Although this case has had a lengthy procedural history, it is important to focus on what appellants are seeking from this Court.  Appellants have argued that the Court should set aside the sale and place the patents back in Advanced Coatings' name so that they could be resold to a buyer other than Genesis and for a higher price.  The patents and their proceeds are no longer available to this court, however, because they have transferred to the purchaser, Genesis, the funds have been distributed, and the judgment between Akron Development Fund and Advanced Coatings has been satisfied.

{¶23}  In *Banker's Trust*, the plaintiff foreclosed on property that was then sold at a sheriff's sale. Id. at ¶3.  The defendant had a life estate interest in the property. Id. at ¶2.  After the trial court confirmed the sale, it ruled that the lender was entitled to the proceeds because the mortgage lien was superior to the defendant's life estate interest. Id. at ¶3.  Although the defendant had sought a stay of the trial court's judgment, the sheriff disbursed the proceeds to

the lender when that stay expired. This Court held that the individual subject matter of the case, defendant's right to the funds based on her life estate, was no longer under the control of the court because the matter had been extinguished by the distribution of the proceeds. Id. at ¶16. The matter was moot because once the rights and obligations of the parties had been extinguished, any further judgment from an appellate court could not have any practical effect on the issues raised by the pleadings. Id.

{¶24} In this case, the remedy sought by appellants is to recover the assets so that the trial court can conduct a new sale. They have argued that the case is not moot because no satisfaction of judgment was entered below. Further, they have argued that the distribution of proceeds took place in violation of a stay. Neither argument has merit.

{¶25} Appellants are correct that an executed satisfaction of judgment filed with the court may terminate an appeal. See *Blodgette*, 49 Ohio St.3d at 245. That is not, however, the only way to measure satisfaction of judgment such that a case becomes moot. Rather, a cause of action may also become moot if it has been extinguished by some event. For example, the foreclosure in *Bankers Trust* was extinguished by distribution of the proceeds of the sheriff's sale. *Bankers Trust* at ¶16. In *Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 133, a court of claims' ruling on issue of immunity rendered a case moot. In *Singer v. City of Fairborn* (1991), 73 Ohio App.3d 809, 817, a zoning change by referendum rendered an action against a city moot. In *Boncek v. Stewart* (Oct. 23, 2002), 9th Dist. No. 21054, at *3, the property at issue was sold. The key inquiry in those cases was whether the relief sought on appeal was available. See *City of Akron v. Am. Tax Funding, LLC*, 9th Dist. No. 24530, 2009-Ohio-3358.

{¶26} In this case, there was a default judgment against Advanced Coatings and there was no question that Akron Development Fund was entitled to foreclose on the property. The

assets were sold at auction and transferred to Genesis. Akron Development Fund received its money from the sale of the assets and its claims were satisfied. In its motion to be excused from the settlement conference, it expressly declared to the trial court that its claims were "fully adjudicated[.]" Therefore, the remedy that appellants seek, to place the patents back in Advanced Coatings name, is no longer available.

{¶27} Appellants have also argued that the proceeds were distributed in violation of a stay. There was no stay in place, however, when the patents were sold at auction and when they actually transferred to Genesis. On March 25, 2008, the magistrate signed an order, also signed by Judge Paul Gallagher for Judge Stormer "authorizing and approving" the sale to Genesis as the successful bidder at the auction. The order directed the receiver to "consummate the sale with" Genesis and to "close the transaction[.]" In a subsequent magistrate's order, the magistrate stated that the transfer was to be completed by March 31, 2008. On April 2, 2008, the shareholder group filed objections to the March 25th order regarding the sale to Genesis. Prior to their filing the objections, however, title to the patents had transferred. Appellants have argued that the transfer should not have taken place because there were objections that should have stayed the order. Even if the objections were proper, the stay is triggered by the filing of the objections and becomes effective at that time. At the time the patents were transferred, the trial court had signed the order. Because the objections had not yet been filed, no such stay was in place.

{¶28} Although the trial court held a later hearing on this matter and issued its April 30, 2010, order, the focus of controversy – the sale of the patents – was no longer before it. Even assuming at that point that the trial court could somehow set aside the sale, it chose not to do so.

Accordingly, its decision to overrule the objections to the referee's order would have effectively ended any stay resulting from those objections.

{¶29} The remedy that Appellants seek is no longer available. Moreover, when the assets were transferred and when the trial court distributed the sale funds to Akron Development Fund to satisfy the promissory notes, any actual controversy that remained for this Court to address was extinguished. Accordingly, the appeal is moot.

### III.

{¶30} The present appeal is moot. It is, therefore, dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

H. ALAN ROTHENBUECHER, and ROBERT M. STEFANCIN, Attorneys at Law, for Appellant.

MARC B. MERKLIN, and KATE M. BRADLEY, Attorneys at Law, for Appellee.

WILLIAM CHRIS, Attorney at Law, for Appellee.

JOHN GUY, Attorney at Law, for Appellee.

TODD ANTHONY MAZZOLA, Attorney at Law, for Appellee.