[Cite as *MTGLQ Investors, L.P. v. Wagner*, 2019-Ohio-1741.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MTGLQ INVESTORS, L.P.

    Appellee

    v.

LORETTA A. WAGNER, et al.

    Appellants

C.A. No.     29079

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2017-03-0932

DECISION AND JOURNAL ENTRY

Dated: May 8, 2019

TEODOSIO, Judge.

**{¶1}** Loretta and Robert Wagner appeal the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of MTGLQ Investors, L.P. and issuing a decree of foreclosure. We dismiss this attempted appeal as moot.

I.

**{¶2}** This foreclosure action was initiated by the Federal National Mortgage Association ("FNMA") in March 2017, with amended complaints having been filed in August 2017 and September 2017. Upon FNMA's motion, MTGLQ Investors, L.P. ("MTGLQ"), was substituted as the plaintiff in October 2017. In June 2018, the trial court granted summary judgment in favor of MTGLQ and struck the Wagners' motion for summary judgment for having been filed without leave of court. The Wagners subsequently filed their notice of appeal to this Court.

{¶3} The trial court granted the Wagners' motion to stay execution of judgment during the pendency of the appeal, setting a supersedeas bond amount at $104,500.16 plus statutory interest. The Wagners subsequently failed to execute a supersedeas bond, and this Court denied the Wagners' motion to waive the bond requirement. After oral arguments, this Court requested that the parties brief the issue of whether the attempted appeal was moot.

II.

ASSIGNMENT OF ERROR ONE

BECAUSE FNMA DID NOT HAVE STANDING WHEN IT FILED THE SECOND AMENDED COMPLAINT, THE SECOND AMENDED COMPLAINT SHOULD HAVE BEEN DISMISSED AND THE TRIAL COURT ERRED WHEN IT GRANTED MTGLQ'S MOTION FOR SUMMARY JUDGMENT ON THE SECOND AMENDED COMPLAINT.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY STRIKING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND FAILING TO CONSIDER THE STANDING AND JURISDICTIONAL ISSUE RAISED IN DEFENDANTS' MOTION.

{¶4} In their first assignment of error, the Wagners argue the trial court erred in granting summary judgment on MTGLQ's motion for summary judgment on the second amended complaint because FNMA did not have standing to file the second amended complaint. In their second assignment of error, the Wagners argue the trial court erred in striking their motion for summary judgment. We do not reach the merits of either of these arguments.

{¶5} "Appellate courts will not review questions that do not involve live controversies." *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 6, citing *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). When no live controversy exists, the appeal must be dismissed as moot. *Tutin* at ¶ 6, citing *Lorain Cty. Bd. of Commrs. v. U.S. Fire Ins. Co.*, 81 Ohio App.3d 263, 266-267 (9th Dist.1992). It is a "well-

established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990).

{¶6} "Once the rights and obligations of the parties have been extinguished through satisfaction of the judgment, a judgment on appeal cannot have any practical effect upon the issues raised by the pleadings." *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 9th Dist. Summit No. 25375, 2011–Ohio–3277, ¶ 21. "In a foreclosure case, satisfaction of judgment occurs when the subject property has been sold and the proceeds of the sheriff's sale have been distributed." *Bayview Loan Servicing v. Salem*, 9th Dist. Summit No. 27460, 2015-Ohio-2615, ¶ 7.

{¶7} Pursuant to Civ.R. 62(B), an appellant is entitled, as a matter of law, to a stay of execution pending appeal, provided that the appellant posts the supersedeas bond in the amount established by the trial court. "A party has acted voluntarily in satisfying a judgment when the party fails to obtain a stay of the trial court's judgment pending appeal." *Art's Rental Equip., Inc. v. Bear Creek Constr., L.L.C.*, 1st Dist. Hamilton, 2012-Ohio-5371, ¶ 8. "If the appellant fails to obtain a stay of the judgment, the nonappealing party has the right to attempt to satisfy its judgment, even though the appeal is pending." *Id.* "If the judgment is satisfied, the appeal must be dismissed because the issues in the case have become moot." *Id.* "In foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action." *Tutin* at ¶ 16.

{¶8} After oral arguments, this Court requested that the parties brief the issue of mootness. MTGLQ responded that the matter was indeed moot. The Wagners acknowledged

that the sale proceeds had been distributed, but contended that both of the exceptions to the mootness doctrine apply.

{¶9} The Supreme Court of Ohio has recognized only two exceptions to the mootness doctrine. First, "[a] case is not moot if the issues are capable of repetition, yet evading review." *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12 (1989), paragraph one of the syllabus, approving and following *State ex rel. The Repository v. Unger*, 28 Ohio St.3d 418 (1986). A situation is capable of repetition, yet evading review where two elements combine: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Second, a court may review a case if it "involves a matter of public or great general interest." *In re Appeal of Suspension of Huffer*, 47 Ohio St.3d at 14.

{¶10} We conclude that neither of the exceptions to the doctrine of mootness applies. This is not an issue that concerns a matter of public or great general interest, and there is not a reasonable expectation that the Wagners will be subject to the same action again, nor was the duration of the action too short to be fully litigated.

{¶11} The Wagners also argue that the mootness doctrine cannot apply because they are appealing issues of standing and jurisdiction. We find this argument unpersuasive. The mere fact that the Wagners' assignments of error argue issues of standing and jurisdiction does not change the fact that there is no live controversy for this Court to address and that neither of the exceptions to mootness apply.

{¶12} The Wagners do not contest the fact that the deed has been transferred and the proceeds of the sheriff's sale have been distributed. Accordingly, the judgment in this case has

been satisfied. Because there is no live controversy before this Court, the attempted appeal is dismissed as moot. *See Aurora Loan Servs. v. Kahook*, 9th Dist. Summit No. 24415, 2009-Ohio-2997.

III.

**{¶13}** This attempted appeal is dismissed for mootness.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

THOMAS DELVENTHAL, Attorney at Law, for Appellants.

ELLEN L. FORNSH, Attorney at Law, for Appellee.