[Cite as *A.L.R. v. R.L.R.*, 2020-Ohio-3241.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| A.L.R., A MINOR, BY AND THROUGH HER FATHER NEXT FRIEND SCOTT F. RUTHERFORD, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NOS. 2019-G-0230** |
| Petitioner-Appellant, | : | **2019-G-0236** |
| - vs - | : | |
| R.L.R., | : | |
| Respondent-Appellee. | : | |

Appeals from the Geauga County Court of Common Pleas, Case No. 2018 DV 0615.

Judgment: Affirmed.

*Michelle S. Stine Makkos,* P.O. Box 816, Uniontown, OH 44685 (For Petitioner-Appellant).

*R.L.R.,* pro se, 533 North Carolina Avenue, Statesville, NC 28677 (Respondent-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, A.L.R., by and through her father, S.F.R., appeals from the judgment of the Geauga County Court of Common Pleas, which sua sponte sealed the record of a dismissed petition for domestic violence civil protection order ("CPO"). Appellant contends the trial court exceeded its authority by sealing the record without notice to the parties and therefore without protecting the original petitioner's due process rights. For the reasons that follow, we affirm.

{¶2} On August 16, 2018, appellant filed an ex parte petition for domestic violence CPO. The matter was continued because appellee, R.L.R., an out-of-state resident, needed time to prepare for hearing. A hearing was set and took place on October 22, 2018 before the magistrate. Several days later, the ex parte order was vacated, and the magistrate denied appellant's petition. Appellant filed objections, which were ultimately overruled, and the trial court adopted the magistrate's decision. No appeal was taken from this judgment.

{¶3} On October 3, 2019, the trial court entered judgment, sua sponte, sealing the record from the underlying proceedings. Appellant filed a notice of appeal of this judgment, assigning the following three errors:

{¶4} "[1.] The trial court erred in entering a sua sponte order which sealed the record in a dissolved adult civil protection order, as sua sponte decisions are likely the product of intuitive selection rather than the more disciplined and balanced process of party presentation.

{¶5} "[2.] The trial court erred in that its sua sponte sealing of the record is violated of due process clause of the Ohio and U.S. Constitution (Clause XIV, Section 1, US; Article 1, section 16 Ohio), as the order denied the opportunity for adversarial testing.

{¶6} "[3.] The trial court erred in that there is no evidence in the record or subsequent factual findings by the court indicating that appellee qualifies for such an extraordinary remedy as the sealing of the record, such that appellee's right of privacy does not outweigh the government's interest in maintaining the records."

{¶7} Under the first assignment of error, appellant makes a policy argument that the trial court's sua sponte order was improper because it was not the result of the adversarial process, which involves the parties' presentation of their relative arguments towards the end of fully informing the court to obtain a reasoned and impartial decision. Under the second assignment of error, appellant contends she was denied due process of law when the court proceeded to seal the record without notifying her and receiving an opportunity to be heard. Finally, under the third assignment of error, appellant claims that, even if the trial court acted within its authority, its judgment is not supported by the record, i.e., there are no unusual or exceptional circumstances that supersede the government's strong interest in retaining the underlying record.

{¶8} R.C. 3113.31(G) provides:

{¶9} (1) Any proceeding under this section shall be conducted in accordance with the Rules of Civil Procedure, except that an order under this section may be obtained with or without bond. An order issued under this section, other than an ex parte order, that grants a protection order or approves a consent agreement, that refuses to grant a protection order or approve a consent agreement that modifies or terminates a protection order or consent agreement, or that refuses to modify or terminate a protection order or consent agreement, is a final, appealable order. The remedies and procedures provided in this section are in addition to, and not in lieu of, any other available civil or criminal remedies.

{¶10} (2) If as provided in division (G)(1) of this section an order issued under this section, other than an ex parte order, refuses to grant a protection order, the court, on its own motion, shall order that the ex parte order issued under this section and all of the records pertaining to that ex parte order be sealed after either of the following occurs:

{¶11} (a) No party has exercised the right to appeal pursuant to Rule 4 of the Rules of Appellate Procedure.

{¶12} (b) All appellate rights have been exhausted.

3

{¶13} Pursuant to Subsection (G)(2), a court is *required* to seal records pertaining to an ex parte CPO where the court refuses to grant the protection order after one of two conditions occurs; in the instant matter, appellants did not timely appeal the denial of the CPO and, consequently, any appellate rights have long since extinguished. The trial court, therefore, was statutorily required to sua sponte seal the records. The statute obviates the adversarial process in cases such as this and, by implication, appellants were not entitled to due process. Appellants do not challenge the constitutionality of the statute; rather, they challenge the constitutionality of the trial court's actions. Because the trial court's actions were statutorily sanctioned, we discern no error.

{¶14} Furthermore, prior to the enactment of the foregoing legislation requiring a court to seal the records where a court refuses to grant a CPO, *Schussheim v. Schussheim*, 137 Ohio St.3d 133, 2013-Ohio-4529 governed the sealing of records for a domestic violence CPO. In that case, the Ohio Supreme Court held that "a court has the inherent authority to order the expungement and sealing of records that relate to a dissolved CPO in 'unusual and exceptional circumstances,'" such that the applicants "'good name and right to be free from unwarranted punishment' outweighs the 'legitimate need of government to maintain records.'" *Id.* at ¶14, quoting *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 377 (1981). By the procedure set forth in current R.C. 3113.31(G), the legislature elected not to adopt the balancing test set forth in *Schussheim*. Now, a trial court must seal the records on its own motion if one of the conditions set forth under subsection (2)(a) or (b) applies. Appellant's contention that

4

no unusual or exceptional circumstances supersede the government's interest in maintaining the records public is therefore irrelevant and need not be analyzed.

{¶15} Appellant's three assignments of error are without merit.

{¶16} For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.