[Cite as *C.S. v. M.S.*, 2021-Ohio-1943.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

C. S.

      Appellant

      v.

M. S.

      Appellee

C.A. No.     29672

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2018-08-2207

DECISION AND JOURNAL ENTRY

Dated: June 9, 2021

TEODOSIO, Judge.

{¶1} C.S. appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. We dismiss the appeal in part and reverse in part.

I.

{¶2} At issue in this case is a domestic violence civil protection order ("DVCPO") sought by C.S, on behalf of her minor son, against the boy's father, M.S. The case was initiated in August 2018, when C.S. filed her petition for a DVCPO and an initial ex parte protection order was issued. On October 4, 2018, a full-hearing DVCPO was granted through April 1, 2019. In March 2019, C.S. motioned the trial court to modify the end date of the protection order. Upon hearing, a magistrate's decision extended the end date to February 11, 2021, the date on which the minor son would turn 18 years of age. Upon objection from M.S., the trial court sustained the objection and vacated the protection order. C.S. now appeals that judgment to this Court, raising ten assignments of error.

II.

{¶3} The mootness doctrine prevents courts from deciding cases in which no controversy remains. *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, ¶ 37. When it is impossible for the Court to grant effectual relief to the appellant, the case should be dismissed as moot. *Frank Noval & Sons, Inc. v. Avon Lake Bd. of Edn.*, 9th Dist. Lorain No. 01CA007835, 2001 WL 1545505, *1 (Dec. 5, 2001), citing *Miner v. Witt*, 82 Ohio St. 237, 238 (1910). This determination focuses on the relief that the appellant seeks from the Court and whether the subject matter of the case remains subject to the Court's control. *See Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 9th Dist. Summit No. 25375, 2011-Ohio-3277, ¶ 23. A matter is moot "once the rights and obligations of the parties [have] been extinguished [and] any further judgment from an appellate court [cannot] have any practical effect on the issues raised by the pleadings." *Id.*

{¶4} In nine of the ten assignments of error, C.S. seeks to reverse the judgment of the trial court and keep in effect the decision of the magistrate, which had extended the protection order until February 11, 2021. The remedy sought by the appellant is rendered moot by virtue of the expiration of the protection order at issue, which has already passed. Because this Court is unable to grant effectual relief, we decline to address assignments of error one, two, three, four, six, seven, eight, nine, and ten for mootness.

{¶5} The fifth assignment of error raised by C.S. looks for a different remedy, seeking to reverse the part of the trial court's judgment ordering the expungement of the DVCPO. Because that remedy is not rendered moot by the expiration of the protection order, we will address the fifth assignment of error.

ASSIGNMENT OF ERROR FIVE

[THE TRIAL COURT] ERRED BY EXPUNGING [THE] ENTIRE DVCPO CASE, INCLUDING THE PART OF THE CASE WHERE THE COURT DID GRANT THE DVCPO, WHICH IS IN VIOLATION OF [R.C.] 3113.31(G)(2). THE GRANTED PART OF THE DVCPO – INITIAL DVCPO OF AUGUST 17, 2018, AND FINAL DVCPO OF OCTOBER 4, 2018 – SHOULD NOT BE EXPUNGED ACCORDING TO [R.C.] 3113.31(G)(2).

{¶6} In the fifth assignment of error, C.S. argues the trial court erred by ordering the expungement of the entire case, including the DVCPO issued in October 2018. We agree.

{¶7} R.C. 3113.31 is concerned with domestic violence civil protection orders, and provides, in pertinent part:

(G)(1) Any proceeding under this section shall be conducted in accordance with the Rules of Civil Procedure, except that an order under this section may be obtained with or without bond. An order issued under this section, other than an ex parte order, that grants a protection order or approves a consent agreement, that refuses to grant a protection order or approve a consent agreement that modifies or terminates a protection order or consent agreement, or that refuses to modify or terminate a protection order or consent agreement, is a final, appealable order. The remedies and procedures provided in this section are in addition to, and not in lieu of, any other available civil or criminal remedies.

(2) If as provided in division (G)(1) of this section an order issued under this section, other than an ex parte order, refuses to grant a protection order, the court, on its own motion, shall order that the ex parte order issued under this section and all of the records pertaining to that ex parte order be sealed after either of the following occurs:

  (a) No party has exercised the right to appeal pursuant to Rule 4 of the Rules of Appellate Procedure.

  (b) All appellate rights have been exhausted.

Thus, pursuant to subsection (G)(2), "a court is required to seal records pertaining to an ex parte CPO where the court refuses to grant the protection order after one of two conditions occurs * * *." (Emphasis deleted.) *A.L.R. v. R.L.R.*, 11th Dist. Geauga Nos. 2019-G-2030 and 2019-G-0236, 2020-Ohio-3241, ¶ 13.

{¶8} In the case sub judice, a full-hearing protection order was granted in October 2018. The motion filed by the appellant in March 2019 was to modify the existing protection order by extending its termination date. In response to this motion, the trial court issued an ex parte DVCPO with a termination date of March 29, 2020. A full-hearing DVCPO was subsequently issued by the magistrate on August 13, 2019, setting a termination date of February 11, 2021, reflecting the date of the minor son's eighteenth birthday.

{¶9} On January 16, 2020, upon appellee's objection to the magistrate's decision, the trial court sustained the objection and vacated the DVCPO that was issued on August 13, 2019. The trial court further ordered: "Pursuant to [R.C.] 3113.31(G)(2), the Court orders that the DVCPO issued in this case and all records pertaining to that DVCPO be expunged after the time for appeal of this order has expired." It is unclear to this Court whether the trial court intended to expunge the initial full-hearing DVCPO issued in October 2018, or only the subsequent DVCPO issued in August 2019; however, because the judgment entry does not contain any language appearing to limit the expungement to the August 2019 DVCPO, we must presume it is equally applicable to the October 2018 DVCPO.

{¶10} The sealing component of R.C. 3113.31(G)(2) applies only where an order of the court refuses to grant a protection order. As a full-hearing protection order was in fact granted in October 2018, and with objections to that order having been either withdrawn or overruled, the provisions of R.C. 3113.31(G)(2) are not applicable to the October 2018 DVCPO, the preceding ex parte protection order of August 2018, and the corresponding record.

{¶11} Therefore, to the extent that the trial court's order of expungement applied to the October 2018 DVCPO, the ex parte protection order of August 2018, and the corresponding record, it is hereby reversed. We further note, however, that the language of R.C. 3113.31(G)(2) provides

"that the ex parte order issued under this section and all of the records pertaining to that ex parte order be *sealed* * * *. (Emphasis added.). Although we are aware that colloquially "sealing" and "expungement" are sometimes used interchangeably, these remedies are provided by statute and the terms are not synonymous. *See, e.g.*, R.C. 2151.355; R.C. 2953.32; R.C. 2953.37; R.C. 5122.01(R). Courts must remain mindful of this difference in using these terms and applying the remedies as set forth in the applicable statute.

{¶12} The fifth assignment of error is sustained.

### III.

{¶13} The first, second, third, fourth, sixth, seventh, eighth, ninth, and tenth assignments of error are moot, and we therefore decline to address them. C.S.'s fifth assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is reversed in part.

Judgment reversed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

C. S., pro se, Appellant.

JACK A. KACYON and RACHEL L. SMICK, Attorneys at Law, for Appellee.