[Cite as *Lionheads Capital, L.L.C. v. Rocky Diesel, L.L.C.*, 2025-Ohio-1135.]

STATE OF OHIO   )    IN THE COURT OF APPEALS
         )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN  )

LIONHEADS CAPITAL, LLC      C.A. No.  24CA012128

   Appellee

   v.             APPEAL FROM JUDGMENT
                 ENTERED IN THE
ROCKY DIESEL LLC        COURT OF COMMON PLEAS
                 COUNTY OF LORAIN, OHIO
   Appellant         CASE No.  23 CV 208918

DECISION AND JOURNAL ENTRY

Dated: March 31, 2025

CARR, Presiding Judge.

**{¶1}** Defendant-Appellant Rocky Diesel LLC appeals from the judgment of the Lorain County Court of Common Pleas. This Court grants Plaintiff-Appellee Lionheads Capital, LLC's motion to dismiss and dismisses the attempted appeal as moot.

I.

**{¶2}** In May 2023, Lionheads Capital, LLC[1] filed a two-count complaint naming Rocky Diesel LLC and the Lorain County Treasurer as Defendants. Count one alleged that Rocky Diesel LLC defaulted under a cognovit promissory note and count two sought foreclosure on a mortgage that secured the note. In July 2023, Lionheads Capital, LLC was granted judgment on count one.

---

[1] The record refers to Plaintiff-Appellee as both Lionheads Capital, LLC and Lionshead Capital, LLC. There has been no argument that they are different entities nor is it clear which entity is the correct one. As the judgment entry uses Lionheads Capital, LLC, that is how the Court will refer to Plaintiff-Appellee.

{¶3}    In March 2024, Lionheads Capital, LLC filed a motion for summary judgment as to count two.  Rocky Diesel LLC opposed the motion, and Lionheads Capital, LLC filed a reply.  The trial court granted the motion for summary judgment in May 2024 and issued a decree in foreclosure.  Rocky Diesel LLC did not move for a stay.

{¶4}    Rocky Diesel LLC has appealed the May 2024 judgment, raising a single assignment of error for our review.  Lionheads Capital, LLC filed a motion to dismiss the appeal as moot.  Rocky Diesel LLC did not directly respond to the motion although it did address the issue in its reply brief.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN ALLOWING APPELLEE-PLAINTIFF LION[HEADS] CAPITAL LLC[] TO MAINTAIN AN ACTION IN THE LORAIN COUNTY [COURT OF COMMON PLEAS].

{¶5}    Rocky Diesel LLC argues in its sole assignment of error that the trial court erred in granting summary judgment as to the foreclosure claim because Lionheads Capital, LLC lacked standing to file the action.  We do not reach the merits of this argument as the appeal has been rendered moot.

{¶6}    "This Court has consistently held that when a property subject to foreclosure is sold at sheriff's sale and confirmed by the trial court and the proceeds of sale have been distributed, an appeal is moot." *Nationstar Mtge., L.L.C. v. Waisanen*, 2017-Ohio-131, ¶ 5 (9th Dist.); *see also MTGLQ Investors, L.P. v. Wagner*, 2019-Ohio-1741, ¶ 11 (9th Dist.) ("The mere fact that the [] assignments of error [involve] issues of standing and jurisdiction does not change the fact that there is no live controversy . . . .")  Here, it is clear that the property has been sold at a sheriff's sale and that sale was confirmed by the trial court in a November 2024 entry, which also ordered

the proceeds to be distributed. In December 2024, an order of the sheriff's disbursement was filed in the trial court.

{¶7} In fact, Rocky Diesel LLC does not dispute these facts. Instead, in its reply brief, Rocky Diesel LLC asserts that the appeal is not moot because a deficiency judgment exists. When a deficiency judgment exists, an "appeal remains viable to the extent it challenges the money judgment the trial court imposed []." *Berkshire Bank v. Macedonia Hospitality, LLC*, 2024-Ohio-2485, ¶ 11 (9th Dist.). First, we note that Rocky Diesel LLC's initial brief in this appeal does not appear to challenge the money judgment imposed by the trial court; the brief instead challenges the trial court's grant of summary judgment which relates to count two, which sought foreclosure. In addition, Rocky Diesel LLC only appealed the trial court's May 2024 entry which issued a decree in foreclosure. In July 2023, the trial court issued an entry granting judgment in favor of Lionheads Capital, LLC pursuant to the cognovit promissory note. That entry included Civ.R. 54(B) language. Thus, Rocky Diesel LLC has not demonstrated that it is challenging the money judgment the trial court imposed in this appeal. Accordingly, this attempted appeal is moot.

III.

{¶8} The attempted appeal is dismissed as moot.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

ROBERT CABRERA, Attorney at Law, for Appellant.

MELISSA J. WHALEN, Attorney at Law, for Appellee.