[Cite as *Domaradzki v. Dennis*, 2025-Ohio-5692.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IRENA DOMARADZKI

    Appellee/Cross-Appellant

v.

MICHAEL DENNIS

    Appellant/Cross-Appellee

C.A. No.     25CA012216

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    2020CV200865

DECISION AND JOURNAL ENTRY

Dated: December 22, 2025

---

STEVENSON, Judge.

**{¶1}** Defendant-Appellant/Cross-Appellee, Michael Dennis ("Michael"), appeals the order of the Lorain County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee/Cross-Appellant Irena Domaradzki ("Irena") on his claim for breach of oral contract. Irena appeals the order that granted judgment in favor of Michael on his claim for unjust enrichment. For the reasons that follow, this Court affirms. Irena's motion to dismiss Michael's appeal as moot is denied. Irena's motion to dismiss her cross-appeal is granted.

I.

**{¶2}** After years of dating, Irena and Michael became engaged to be married in 2010. In 2013, Irena purchased real property located at 34793 Clear Creek Dr., North Ridgeville, Ohio ("Property") that she and Michael intended to use as their marital residence. While both the Property and mortgage were in Irena's name only, both parties contributed funds toward the down payment. Michael began living at the Property sometime in 2014.

{¶3} The parties' engagement ended in May 2015, and Michael moved out of the Property. Irena tried to return the engagement ring and the funds Michael had contributed to the Property, but he refused to take them. While Michael no longer resided at the Property, he maintained full access to it with keys and a garage door opener and kept some of his personal belongings there. According to Michael, some of the utilities were also still in his name. The relationship between the parties never became romantic again, but when the engagement ended, Michael thought they were just going through one of their off-again periods and "it wasn't finality from [his] end."

{¶4} From June 2016 through January 2017 Michael began making monthly payments to Irena in the amount of $750. According to Michael, those payments were for the predominant share of the monthly mortgage and the parties had discussed that arrangement. Irena disagreed and characterized the payments as repayment of funds that Michael had borrowed from her through the years.

{¶5} In January 2017 Michael became aware that Irena was in a romantic relationship with another man. Michael considered that discovery to be the "catastrophic breach" and "end of the show" for his and Irena's relationship. He immediately ceased all further payments to Irena. Shortly thereafter, Michael's access to the Property was terminated. The locks were changed and his garage door opener no longer worked, but some of Michael's personal property remained at the Property.

{¶6} In 2018, Irena wrote a check to Michael for $20,000 as repayment for his investment in the Property. Michael did not cash the check because he believed he was owed more than that based on his contributions to the purchase, improvement, and mortgage payment on the Property, all of which he made in contemplation of marriage.

{¶7} In June 2022, Irena listed the Property for sale unbeknownst to Michael. In July 2022, Irena entered into a real estate purchase agreement to sell the Property to a third party for $403,000. When Michael learned of the pending sale, he filed an Affidavit of Facts Relating To Title ("Affidavit") with the Lorain County Recorder's office to protect his interest in the Property. Irena could not close on the Property due to the encumbrance on the title, and the parties were not able to reach an agreement as to a payoff amount.

{¶8} Irena filed a complaint against Michael in August 2022 asserting claims for declaratory judgment to determine the parties' rights to the Property, and slander of title regarding the Affidavit. Irena requested an order declaring that Michael has no interest in the Property and ordering removal of the Affidavit. Michael answered and counterclaimed, asserting claims for breach of oral contract regarding the Property, unjust enrichment for reimbursement of his financial contributions, breach of oral bailment contract regarding a Corvette stored at the Property, and conversion regarding his personal property and the diamond engagement ring. As of the commencement of this case, Irena was married to a third party who is not a party to the litigation.

{¶9} Irena moved for summary judgment, which was granted in part regarding Michael's claim for breach of oral contract. Summary judgment was denied on all of Irena's remaining claims and Michael's remaining counterclaims. The remaining claims and counterclaims were tried before the magistrate. Prior to trial, Michael dismissed his claim for conversion regarding the Corvette, arguing only the issue of damages under the breach of oral bailment claim. The parties filed joint stipulations of fact and both testified at trial.

{¶10} The magistrate issued a decision denying and dismissing Irena's claims for declaratory judgment and slander of title; granting Michael's claim for unjust enrichment in the

amount of $32,782 and ordering the parties to create a constructive trust over the Property after which Michael would remove the Affidavit; granting judgment in favor of Irena on Michael's breach of oral bailment contract claim; and dismissing Michael's conversion claim and ordering Irena to return the engagement ring.

{¶11} After objections by both parties, the trial court adopted the magistrate's decision. Both parties appealed but the cases were dismissed for lack of subject matter jurisdiction due to issues surrounding prejudgment interest. Following the return of the case to the trial court, a new journal entry was filed on February 3, 2025, that included prejudgment interest. Both parties timely appealed.

{¶12} On April 2, 2025, Irena sold the Property. A general warranty deed transferring title to a third party was recorded with the Lorain County Recorder. Michael and Irena executed escrow instructions stating that Michael was to receive the sum of $32,782.00, plus prejudgment interest from July 7, 2022, to February 3, 2025, for a sum of $39,557.55, plus post-judgment interest on $32,782.00 from February 4, 2025, through the date of transfer. The balance was to be payable to Irena. The instructions further stated that at closing, Michael was to deliver a termination and release of the Affidavit. Michael executed a termination and release of the Affidavit as ordered and delivered it to the title company.

{¶13} On June 13, 2025, Irena moved the trial court for an order stating that the judgment against her has been satisfied. Michael was not opposed. The court granted the motion, stating in its journal entry that it "find[s] the Judgment entered in this Court's February 3, 2025 Journal Entry is paid and satisfied in full." On April 4, 2025, Irena moved for an order to show cause as to why Michael should not be held in contempt for failure to accept the return of the engagement ring. On

May 9, 2025, Irena withdrew the motion as Michael had complied and accepted the return of the ring.

## II.

### Irena's Motion to Dismiss

{¶14} On April 11, 2025, Irena moved this Court to dismiss both Michael's appeal and her cross-appeal as moot, but with the limitation that if this Court does not dismiss Michael's appeal as moot, her cross-appeal should also remain "in the interest of justice and equity." Michael opposed the motion. This Court deferred the matter for determination during the final disposition of the instant appeal.

{¶15} Irena maintains in her motion to dismiss that she has now fully and completely satisfied the judgment against her and there are no remaining claims to be litigated. Irena states in support that the Property has been transferred, the constructive trust was created, Michael received payment per the escrow instructions, the engagement ring was returned, the Affidavit was withdrawn, the remaining claims were disposed of on summary judgment or at trial, and there is no allegation of fraud or request for a stay.

{¶16} Irena relies on the well-settled principle of law that:

> [a] satisfaction of the judgment terminated the litigation. Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.

(Internal quotations and citations omitted.) *Rauch v. Noble*, 169 Ohio St. 314, 315 (1959).

{¶17} As explained further below under the parties' separate assignments of error, we agree that Irena's cross-appeal is moot but disagree that Michael's appeal is moot. We also

disagree that the "interest of justice and equity" requires Irena's cross-appeal to remain for consideration.

### Irena's Cross-Appeal

### ASSIGNMENT OF ERROR NO. 1

**IT WAS ERROR WHEN THE TRIAL COURT FOUND THAT THE STATUTE OF LIMITATIONS FOR [MICHAEL'S] CLAIMS FOR UNJUST ENRICHMENT DID NOT APPLY.**

### ASSIGNMENT OF ERROR NO. 2

**IT WAS ERROR WHEN THE TRIAL COURT HELD THAT THE STATUTE OF LIMITATIONS DID NOT BEGIN TO RUN UNTIL [MICHAEL] ENTERED A PURCHASE AGREEMENT TO SELL THE PROPERTY IN 2022.**

### ASSIGNMENT OF ERROR NO. 3

**IT WAS ERROR WHEN THE TRIAL COURT HELD THAT FUNDS PAID AFTER MAY, 2015 WERE GIFTS GIVEN IN CONTEMPLATION OF MARRIAGE**.

**{¶18}** The trial court's February 3, 2025, judgment entry states as follows:

JUDGMENT IS GRANTED IN-PART IN FAVOR OF DEFENDANT, MICHAEL DENNIS, AS FOLLOWS:

1) [Irena's] Count I and II of her Complaint for Declaratory Judgment and Slander of Title are denied and hereby dismissed.

2) Judgment in the amount of $32,782.00 plus prejudgment interest . . . on Count II of [Michael's] Counterclaim for Unjust Enrichment and the parties are ordered to create a constructive trust at which point [Michael] is to withdraw [his] Affidavit of Facts.

3) [Irena] is ordered to return the engagement ring to [Michael] and Count IV of [Michael's] Counterclaim for Conversion is hereby dismissed.

**{¶19}** The $32,782 awarded to Michael in paragraph two regarding his unjust enrichment claim consisted of reimbursement for the following: the $25,000 in cash that he contributed to the

down payment on the Property, the $1,700 that he spent on roof repairs, and the $6,000 in payments that he made to Irena between June 2016 and January 2017.

{¶20} In her cross-appeal, Irena argues that the six-year statute of limitations on Michael's unjust enrichment claim began to run in May 2015 when the parties' engagement ended and they no longer contemplated marriage; therefore, equitable tolling does not apply and Michael's claim for sums contributed pre-May 2015 are time-barred because his counterclaim was not filed until October 2022, over seven years later. Irena also argues that any gifts given after the engagement ended, in this case the $6,000 in alleged mortgage payments, are intervivos gifts.

{¶21} As Irena's single challenge on appeal is to the trial court's award to Michael of a judgment on his unjust enrichment claim, that challenge is now moot for the precise reason she argued in her motion to dismiss; that is, she voluntarily paid and satisfied the judgment. *Rauch,* 169 Ohio St. at 315, quoting *Lynch v. Bd. of Edn. of City School Dist. of City of Lakewood*, 116 Ohio St. 361 (1927), paragraph three of the syllabus ("'[w]here. . .the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal . . .'"). As previously noted, Irena was granted an order from the trial court upon her own motion finding that "the Judgment entered in this Court's February 3, 2025, Journal Entry is paid and satisfied in full."

{¶22} Accordingly, based on the foregoing, Irena's cross-appeal is moot for lack of a live controversy. Therefore, her motion to dismiss the cross-appeal as moot is granted.

### Michael's Appeal

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON A BREACH OF ORAL CONTRACT CLAIM WHEN IT MISTAKENLY CONSTRUED THE SUBJECT MATTER OF THE ORAL CONTRACT TO BE THE SALE OR LEASE OF REAL PROPERTY AND MISAPPLIED A**

**LIMITATION ON THE APPLICATION OF THE DOCTRINE OF PARTIAL PERFORMANCE.**

{¶23}  We turn first to Irena's motion to dismiss as it relates to Michael's appeal.  Under his single assignment of error, Michael challenges the trial court's order granting summary judgment in favor of Irena and denying his breach of oral contract claim.  While Michael did not prevail on the breach of oral contract claim, he was successful at trial on his alternative claim for unjust enrichment. *See J. Bowers Constr. Co., Inc. v. Gilbert,* 2014-Ohio-3576, ¶ 11 (9th Dist.), quoting *Bldg. Industry Consultants, Inc. v. 3M Parkway, Inc*., 2009-Ohio-19210, ¶ 17 (9th Dist.) ("'While it is true that a party may not recover for the same services under both a contractual claim and a claim for quantum meruit, a party is not barred from seeking alternative theories . . . if his contractual claim fails.'").  Michael does not dispute that he was owed the unjust enrichment judgment.

{¶24}  In opposing Irena's motion to dismiss, Michael argues that if he had not been wrongly deprived of a trial on the breach of oral contract claim, his damage award could have been much higher than his recovery under the alternative unjust enrichment claim. *See Blue Chip Pavement Maintenance, Inc. v. Ryan's Family Steak Houses, Inc.*, 2004-Ohio-3357, ¶ 18 (8th Dist.) (damages for unjust enrichment limited to restitution of the benefit conferred versus breach of contract which rests on the intentions of the parties).  Michael's breach of contract claim was based on the allegation that he and Irena agreed to purchase the Property for use as their marital residence and that all his contributions were made in contemplation of the parties' marriage.  In his prayer for relief, he requested a one-half interest in the Property as compensation for damages for breach of contract versus the value of his financial contributions that he requested under his unjust enrichment claim.  Based on this alternative theory of relief, he argues that the satisfaction

of judgment regarding his unjust enrichment claim does not render moot his breach of contract claim.

{¶25} We agree with Michael on the issue of mootness. In challenging the denial of his breach of contract claim, he is seeking relief under an alternative theory that could potentially entitle him to additional damages, which he is not barred from pursuing. *See J. Bowers Constr. Co., Inc.* at ¶ 11; *see also Betleyoun v. Indus. Comm. of Ohio*, 31 Ohio App. 53, 56-57 (9th Dist. 1927) (retention of amount of judgment due litigant did not preclude appellate challenge of judgment denying additional amount). In addition, the trial court's February 3, 2025, final judgment following the bench trial incorporated the interlocutory order dismissing Michael's breach of contract claim on summary judgment. *Aber v. Vilamoura, Inc.*, 2009-Ohio-3364, ¶ 7 (9th Dist.), quoting *Grover v. Bartsch*, 2006-Ohio-6115, ¶ 9 (2d Dist.) ("'Interlocutory orders . . . are merged into the final judgment. Thus, an appeal from the final judgment includes all interlocutory orders merged with it . . .'"). Therefore, at the time Irena paid and satisfied the February 3, 2025, judgment, Michael's breach of contract claim had been denied and dismissed on summary judgment and whether that ruling was appropriate was yet to be determined in this appeal.

{¶26} Moreover, the satisfaction of judgment order issued by the trial court stated specifically that "the judgment entered….*in favor of [Michael] and against [Irena]* has been fully satisfied." (Emphasis added.) The only part of the judgment that was "in favor of Michael and against Irena" is the unjust enrichment claim. There was no language in the order indicating that the parties intended the satisfaction of judgment to apply to Michael's breach of contract claim which was granted in favor of Irena and against Michael. Thus, the only judgment that was paid

and satisfied by Irena was Michael's unjust enrichment claim in the amount of $32,872 plus interest.

**{¶27}** Based on the foregoing, Irena's motion to dismiss Michael's appeal as moot is denied because a live controversy remains regarding Michael's breach of contract claim. *Schierbaum v. Ohio Dept. of Edn.*, 2024-Ohio-1196, ¶ 13 (9th Dist.), quoting *Harris v. Akron*, 2009-Ohio-3865, ¶ 7 (9th Dist.) ("'Actions are moot when they involve no actual genuine controversy . . . .'"). Irena has cited no authorities in support of her contention that the "interest of justice and equity" requires her cross-appeal to remain simply because Michael's appeal is not dismissed. As this Court has consistently held, "'if an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.'" *State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.), quoting *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998).

**{¶28}** We turn now to the merits of Michael's appeal. He seeks reversal only of the summary judgment ruling denying his claim for breach of oral contract and does not challenge the trial court's judgment on the claims litigated during the bench trial. The parties do not dispute that there was no writing memorializing their intentions and agreement regarding the Property.

**{¶29}** The trial court concluded that the doctrine of partial performance could not be invoked as an exception to the statute of frauds. In reaching its decision, the court relied on the holding in the Ohio Supreme Court case of *Hodges v. Ettinger*, 127 Ohio St. 460 (1934), syllabus, that cases involving "settlements made upon consideration of marriage" must be "followed by actual marriage" in order for the partial performance exception to apply. The court concluded that the requirements for partial performance were not satisfied because Michael and Irena did not get married, and therefore, Michael's breach of oral contract claim failed on the basis of the statute of frauds.

{¶30} Michael argues that his oral contract claim should nonetheless survive summary judgment because "one of the two alternative requirements set forth in *Hodges* for satisfying the application of the doctrine of partial performance has been met[,]" namely that "[he] obtained possession of the Property." He maintains that it does not matter that the parties never married. As explained below, we disagree with Michael's interpretation of *Hodges* that it is permissible to ignore the marriage requirement when, as here, the parties' agreement was made in contemplation of marriage.

{¶31} A review of a trial court's grant of summary judgment is considered de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St. 3d 102, 105 (1996). Under Civ.R. 56(C), summary judgment is appropriate when:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Here, the parties' dispute is solely a matter of law. There are no disputed material facts.

{¶32} This Court addressed the application of *Hodges* in *Tripp v. French*, 2002-Ohio-6996 (9th Dist.). In that case, the appellant sought to invoke the partial performance exception to the statute of frauds writing requirement in a forcible entry and detainer action filed against her by her deceased fiancé's estate. The court granted the estate's motion for summary judgment and appellant vacated the premises upon the court's issuance of a writ of restitution. *Id*. at ¶ 3. Appellant argued that she had a marriage contract with her fiancé that gave her title to and ownership of the home even though the property was titled in the decedent's name. *Id*. at ¶ 11, 16. In overruling appellant's argument that summary judgment in favor of the estate was improper,

we first found that the parties "marriage proposal contract" did not satisfy the writing requirement set forth in the statute of frauds (R.C. 1335.04 or R.C. 1335.05) because it was not signed by appellant's fiancé. *Id.* at ¶ 16.

{¶33} We then addressed appellant's argument that partial performance applied as an exception to the writing requirement and held as follows:

> Appellant argues that "[a]n oral contract to deed property is recognized in Ohio and is actionable." She asserts that partial performance of the contract removes the matter from the statute of frauds. However, the Ohio Supreme Court has stated that "[t]he doctrine of part performance can be invoked, to take a case out of the statute of frauds in Ohio only in cases involving the sale or leasing of real estate, wherein there has been a delivery of possession of the real estate in question, and in settlements made upon consideration of marriage, followed by actual marriage." *Hodges v. Ettinger*[], 127 Ohio St. 460, [], syllabus. In this case, *Appellant admits that she and decedent were never married. Furthermore, there was no sale or leasing of the subject real estate. Accordingly, part performance cannot be invoked by Appellant to remove the contract from the statute of frauds.*
>
> As the requirements of part performance have not been satisfied and because there is no signed writing conveying an interest of land, Appellant did not present "specific facts showing that there is a genuine issue for trial." *Dresher [v. Burt]*, 75 Ohio St.3d [280], 293[(1996)].

(Emphasis added.) *Tripp* at ¶ 17-18. Thus, we clearly interpreted *Hodges* to require that in alleged partial performance cases involving possession of real estate and "settlements made upon consideration of marriage," the parties must actually get married.

{¶34} In his counterclaim, Michael alleged that the agreement with Irena was made in anticipation of marriage. Thus, as in *Tripp*, Irena and Michael's agreement was "made upon consideration of marriage." However, they did not get married. Therefore, under *Hodges*, the doctrine of partial performance does not apply to except the matter from the statute of frauds.

{¶35} Accordingly, the trial court did not err in granting summary judgment in favor of Irena and denying Michael's breach of oral contract claim on the basis of the statute of frauds. Michael's single assignment of error is overruled.

III.

{¶36}  Based on the foregoing, Michael's assignment of error is overruled and the order of the Lorain County Court of Common Pleas granting summary judgment in favor of Irena on Michael's oral breach of contract claim is affirmed.  Irena's cross-appeal is dismissed as moot. Irena's motion to dismiss Michael's appeal as moot is denied.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant/Cross-Appellee.

SCOT STEVENSON
FOR THE COURT

SUTTON, J.
CONCURS.

FLAGG LANZINGER, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶36} I agree with the majority's decision to grant Irena's motion to dismiss her cross-appeal as moot. I disagree with the majority's conclusion that Michael's appeal is not moot. As the majority acknowledges, the judgment in this case was paid and satisfied in full. At no point did Michael seek a stay of the judgment. *See Wizards of Plastic Recycling L.L.C. v. R & M Plastic Recycling L.L.C.*, 2012-Ohio-3672, ¶ 8 (9th Dist.) ("This Court has recognized the voluntary satisfaction of a judgment where the defendant failed to seek a stay of the trial court's judgment."); *MTGLQ Investors, L.P. v. Wagner*, 2019-Ohio-1741, ¶ 7 (9th Dist.). "It is well established 'that a satisfaction of judgment renders an appeal from that judgment moot.'" *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 2011-Ohio-3277, ¶ 21 (9th Dist.), quoting *Bankers Trust Co. of California, N.A. v. Tutin*, 2009-Ohio-1333, at ¶ 8 (9th Dist.). Consequently, I would grant Irena's motion to dismiss Michael's appeal as moot and would not address the merits of his assignment of error.

APPEARANCES:

EDWARD F. HERMAN, Attorney at Law, for Appellant/Cross-Appellee.

CHRISTOPHER MULVANEY, Attorney at Law, for Appellee/Cross-Appellant.